# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: | Case No. 23-60412 |
| Daniel William McCarthy<br>Christina Nichole McCarthy, | Chapter 13 |
| Debtor(s). | Judge John P Gustafson |
| | MOTION OF <u>LENDMARK FINANCIAL SERVICES, LLC FOR RELIEF FROM CO-MAKER STAY</u> |
| | (CO-MAKER TERRY EDMISTER) |

<u>Lendmark Financial Services, LLC</u> (the "Movant") moves this Court, under Bankruptcy Code §§ **1301**, and other sections of Title 11 of the United States Code, under Federal Rules of Bankruptcy Procedure 4001 and 6007, and under <u>Local Bankruptcy Rule 4001-1</u> for an order conditioning, modifying or dissolving the automatic stay imposed by Bankruptcy Code § **1301**.

## MEMORANDUM IN SUPPORT

1.  The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this motion is proper under 28 U.S.C. §§ 1408 and 1409.

2.  On November 7, 2022, the Christina Nichole McCarthy and Terry Edmister obtained a loan from Lendmark Financial Services, LLC in the amount of $4,658.38. Such loan was evidenced by a Disclosure Statement, Promissory Note and Security Agreement dated November 7, 2022 (the "Note"), a copy of which is attached as Exhibit A.

3.  To secure payment of the Note and performance of the other terms contained in it, the Christina Nichole McCarthy and Terry Edmister executed a Security Agreement in favor of Lendmark Financial Services, LLC dated November 7, 2022 (the "Security Agreement"). The

Security Agreement granted a lien on the NA owned by Christina Nichole McCarthy and Terry Edmister (the "Collateral"). The Collateral is more fully described in the Security Agreement (check one):

☐ attached as Exhibit B;

OR

■ contained in the Note, attached as Exhibit A.

4. The lien created by the Security Agreement was duly perfected by:A copy of the recorded Security Agreement, UCC-1 Financing Statement, Certificate of Title or other document, as applicable, is attached as Exhibit **NA**. Based on **NA**, the lien is the 1st lien on the Collateral.

5. The entity in possession of the original Note as of the date of this motion, is Lendmark Financial Services, LLC.

6. The entity servicing the loan is: the Movant.

7. The Note was transferred, as evidenced by the following:

A. If the Collateral is real estate:

I. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the original lender (check only one):

☐ N/A.

OR

☐ By endorsement on the Note, payable to

_____.

OR

☐      By blank endorsement on the Note.

OR

☐      By allonge attached to the Note, payable to
_____.

OR

☐      By blank allonge, attached to the Note.

OR

☐      The Note is not endorsed to the Movant, or is not endorsed in blank with an allegation that the Movant is in possession of the original Note. The factual and legal basis upon which the Movant is entitled to bring this motion is (explain with particularity and attach supporting documentation):
_____.

OR

☐      By endorsement on the Note or by allonge attached to the Note, through a power of attorney. If this box is checked, a copy of the power of attorney is attached as Exhibit <___>. Explain why it provides Movant the authority to endorse the Note:

_____
_____
_____.

<ii.      Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the <FIRST TRANSFEREE> to < _____>[ADD ADDITIONAL TRANSFER SECTIONS AS APPROPRIATE. THE LAST TRANSFEREE MUST BE THE MOVANT].>

<iii.      A court has already determined that Movant has the ability to enforce the Note with a judgment dated <INSERT DATE OF JUDGMENT> in the <INSERT NAME OF COURT>. A copy of the judgment is attached at Exhibit <_>.>

<iv.      Other_____ [explain].>

B. If the Collateral is not real estate (check one):

■     N/A.

OR

☐     From the original lender to <FIRST TRANSFEREE> by
       <STATE METHOD OR DOCUMENT EFFECTING
       TRANSFER>. [ADD ADDITIONAL TRANSFER
       SECTIONS AS APPROPRIATE.  THE LAST
       TRANSFEREE MUST BE THE MOVANT.]

8.     The Security Agreement was transferred as follows (check one):

■     N/A.

OR

☐     <ii.    From the original lender, mortgagee, or mortgagee's
              nominee on <DATE> to <FIRST TRANSFEREE>.
              The transfer is evidenced by the document(s)
              attached to this Motion as Exhibit <___>. [ADD
              ADDITIONAL TRANSFER SECTIONS AS
              APPROPRIATE.  THE LAST TRANSFEREE
              MUST BE THE MOVANT.]

9.     The value of the Collateral is $NA.  This valuation is based on NA.

10.    As of the date of this motion, there is currently due and owing on the Note the
outstanding principal balance of $4,737.23, plus interest accruing thereon at the rate of 24.99%
per annum [$_____ PER DAY] from April 11, 2023, as described in more detail on the
worksheet.  The total provided in this paragraph cannot be relied upon as a payoff quotation.

11.    The amount due and owing on the Note as set forth in paragraph 10 DOES NOT
include a credit for the sum held in a suspense account by the Movant. The amount of the credit
is $N/A.

12.    Other parties known to have an interest in the Collateral besides the debtor(s), the

Movant, and the trustee are (check all that apply):

☐ N/A.

☐ The <COUNTY> County Treasurer, for real estate taxes, in the amount of
$<AMOUNT>.

■ Terry Edmister

☐ <ANY OTHER PARTY HOLDING A LIEN, IF APPLICABLE, IN THE
AMOUNT OF $_____ [ADD ADDITIONAL PARTIES AS
APPROPRIATE>.

13.    The Movant is entitled to relief from the automatic stay under Bankruptcy Code

§ 362(d) for these reason(s) (check all that apply):

☐    Debtor has failed to provide adequate protection for the lien held by the
Movant for these reasons:   <EXPLAIN>                          .

☐    Debtor has failed to keep the Collateral insured as required by the Security
Agreement.

☐    Debtor has failed to keep current the real estate taxes owed on the
Collateral.

☐    Debtor has failed to make periodic payments to Movant since the
commencement of this bankruptcy case for the months of <STATE EACH
MONTH AND YEAR>, which unpaid payments are in the aggregate
amount of <AMOUNT> through <DATE>.  The total provided in this
paragraph cannot be relied upon as a postpetition reinstatement quotation.

☐    Debtor is delinquent in funding the plan, and therefore the trustee has
failed to make periodic payments to Movant since the commencement of
the bankruptcy case for the months of <STATE EACH MONTH AND
YEAR>, which unpaid payments are in the aggregate amount of
<AMOUNT> through <DATE>.  The total provided in this paragraph
cannot be relied upon as a postpetition reinstatement quotation.

☐    Debtor has no equity in the Collateral, because the Collateral is valued at
$_____, and including the Movant's lien, there are liens in an
aggregate amount of $_____ on the Collateral.

    ☐       Debtor's plan provides for surrender of the Collateral.

    ☐       The property is not necessary to an effective reorganization because
_____.

■       Other cause (set forth with specificity): co-maker is personally liable for the debt and movant is entitled to recover the debt from co-maker.

14.     Movant has completed the worksheet, attached as Exhibit B.

WHEREFORE, Movant prays for an order from the Court granting Movant relief from the

automatic stay of Bankruptcy Code § **1301** to permit Movant to proceed under applicable

nonbankruptcy law.

                                       Respectfully submitted,

                                       /s/  Stephen D. Miles
                                       STEPHEN D. MILES #0003716
                                       Attorney for Movant
                                       18 West Monument Avenue
                                       Dayton, Ohio 45402
                                       (937) 461-1900/461-0444 fax
                                       sdm@mileslaw.com
                                       Attorney for Movant

<u>CERTIFICATE OF SERVICE</u>

       The undersigned certifies that on May 30, 2023, a true and correct copy of the foregoing Motion of Lendmark Financial Services, LLC for Relief from Co-Maker Stay was served via the Court's electronic case filing system on the following who are listed on the Court's Electronic Mail Notice List:

Jonathon Carl Elgin    jc@jcelgin.com,
bankruptcy@jcelgin.com,9150504420@filings.docketbird.com
Cynthia A. Jeffrey    bankruptcy@weinerlaw.com
Dynele L Schinker-Kuharich    DLSK@Chapter13Canton.com,
dschinkerkuharich@ecf.epiqsystems.com
United States Trustee    (Registered address)@usdoj.gov

and by regular U.S. mail, postage prepaid, to:

Daniel William McCarthy
Christina Nichole McCarthy
645 Shelby Ontario Road
Ontario, OH 44906-1033

Terry Edmister
645 Shelby Ontario Road
Ontario, OH 44906-1033

              /s/  Stephen D. Miles
              (0003716)