# DISCLOSURE STATEMENT, PROMISSORY NOTE AND SECURITY AGREEMENT

| LENDER'S NAME AND ADDRESS<br>"You" means the Lender, its successors and assigns.<br>LENDMARK FINANCIAL SERVICES, LLC<br>GATEWAY SHOPPING CENTER<br>2020 AUGUST DR<br>ONTARIO, OH 44906 | BORROWER NAME(S)/DEBTOR(S)<br>"I" includes each Borrower above, jointly and severally<br>Christina McCarthy<br>Terry Edmister<br><br>ADDRESS FOR BORROWER(S)<br>231 CLARE RD, Ontario, OH, 44906 | Loan Number<br><br>Date 11/07/2022<br><br>Maturity Date 11/07/2025 |
|---|---|---|

| ANNUAL PERCENTAGE RATE<br>The cost of my credit as a yearly rate.<br>**28.57%** | FINANCE CHARGE<br>The dollar amount the credit will cost me.<br>**$2,330.30** | Amount Financed<br>The amount of credit provided to me or on my behalf.<br>**$4,658.38** | Total of Payments<br>The amount I will have paid when I have made all scheduled payments.<br>**$6,988.68** |
|---|---|---|---|

My Payment Schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 1 | 194.13 | 12/07/2022 First Payment date |
| 35 | 194.13 | Monthly Beginning 01/07/2023 |

SECURITY: I am giving a security interest in:
☒ Consumer goods     ☐ Motor vehicle     ☐ Unsecured
☐ Other (describe): _____

LATE CHARGE: I agree to pay a late charge on any installment not paid in full within 10 days after it is due, in an amount not to exceed the greater of five percent (5%) of the scheduled installment or fifteen dollars ($15.00).
PREPAYMENT: If I pay off this note early, I may be entitled to a refund of part of the Finance Charge.
I can see my contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

## ITEMIZATION OF THE AMOUNT FINANCED

Amount Given to Me Directly
1. $1,000.00
2. $0.00

Amount Paid on My Prior Account
3. $3,188.89

Amount Paid to Others on My Behalf
4. $182.95 To Insurance Company for Life Ins.
5. $286.54 To Insurance Company for Accident & Health Ins.
6. $0.00 To Insurance Company for Personal Property Ins.
7. $0.00 To Insurance Company for Involuntary Unemployment Ins.
8. $0.00 To Insurance Company for Vehicle Single Interest Ins.
9. $0.00 To Public Official for Recording Fees
10. $0.00 To Public Official for Lic/Title/Reg Fees
11. $0.00 Sum of Additional Amounts Paid to Others
12. $4,658.38 Amount Financed (Sum of 1-11)

Additional Amounts Paid To Others
(a) ___ To ___
(b) ___ To ___
(c) ___ To ___
(d) ___ To ___
(e) ___ To ___
(f) ___ To ___
(g) ___ To ___
(h) ___ To ___
(i) ___ To ___

$225.00 Prepaid Finance Charge (i+ii)
  i. $25.00 Credit Investigation
  ii. $200.00 Origination Fee       *Lender may retain a portion of these amounts.

NOTE: For value received, I promise to pay to you, or your order, at your address above, the Total of Payments shown above.
PAYMENT: I will pay this note in monthly installments as set forth above.
POST-MATURITY INTEREST – Interest will accrue at the rate of 24.99% per year on the balance of this note not paid at maturity, including maturity by acceleration.
LATE CHARGE – I agree to pay a late charge on any installment not paid in full within 10 days after it is due, in an amount not to exceed the greater of five percent (5%) of the scheduled installment or fifteen dollars ($15.00).
SECURITY AGREEMENT – I give you a security interest in the Property described below. The rights I am giving you in this Property and the obligations this agreement secures are defined on page 2 of this agreement.

☐ (a) Motor Vehicle:

| YEAR | MAKE | MODEL | BODY TYPE | SERIAL NO. / IDENTIFICATION |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

☒ (b) Consumer Goods: See "Personal Property List" which is incorporated herein by reference thereto.
☐ (c) Other (describe): _____

**THIS LOAN IS GOVERNED BY, AND MADE PURSUANT TO, THE PROVISIONS OF THE OHIO CONSUMER INSTALLMENT LOAN ACT UNDER R.C. 1321.62 TO 1321.702**

I agree to the terms set out on Page 1 and Page 2 of this document. I have received a completely filled in copy of this document on today's date.
THIS DOCUMENT IS EXECUTED UNDER SEAL BY THE BORROWER(S) ON THE DATE ABOVE WRITTEN.

DocuSigned by: *Christina McCarthy*          DocuSigned by: *Terry Edmister*
Borrower/Debtor                (SEAL)          Borrower/Debtor                (SEAL)


Borrower/Debtor                (SEAL)          Borrower/Debtor                (SEAL)

The undersigned is/are not personally liable for this loan but grant(s) a security interest in the Property described above as security for this loan and agree to be bound by the provisions of this document in so far as they relate to the Property.

_____ (SEAL)          _____ (SEAL)

SEE PAGE 2 FOR ADDITIONAL TERMS AND CONDITIONS


EXHIBIT A

OH NOTE & DISC/REV 05/2021     Page 1 of 2



## ADDITIONAL TERMS APPLICABLE TO THE PROMISSORY NOTE AND SECURITY AGREEMENT

**DEFINITIONS** – "I," "me" or "my" means each Borrower who signs this note and each other person or legal entity (including guarantors, endorsers, and sureties) who agrees to pay this note (together referred to as "us"). "You" or "your" means the Lender and its successors and assigns.

**APPLICABLE LAW** – This note and security agreement securing this note will be governed by the Ohio Consumer Installment Loan Act (Ohio Rev. Code Chapter 1321.62 to 1321.702) and the Truth in Lending Act (15 U.S.C. §1601 et seq). The federal Truth-In-Lending disclosures on page one (1) are disclosures only and are not intended to be terms of this agreement. The fact that any part of this note cannot be enforced will not affect the rest of this note. Any change to this note or any agreement securing this note must be in writing and signed by you and me.

**ASSUMPTION** – The note and security agreement cannot be assumed by someone buying the Property from me. This will be true unless you agree in writing to the contrary. Without such an agreement, if I try to transfer any interest in the Property, I will be in default under the note and security agreement.

**ELECTRONIC RECORD** – I understand and agree that you may convert this note into an electronic record for document retention and other purposes (the "Electronic Record"). I consent to the conversion of this note into the Electronic Record and agree that the Electronic Record will be the original version of this note and effective, valid and enforceable for all reasons under applicable law. I also agree that sending me a printout of the Electronic Record will satisfy the requirements of applicable law regarding the return of my original note after satisfaction of my obligations under the note.

**CALLS AND MESSAGES:** I understand and agree that you, including your affiliates, assigns, service providers and agents, (collectively, the "Messaging Parties") may use automated telephone dialing, text messaging systems and electronic mail to provide messages to me or contact me about scheduled payments, missed payments and with other important information regarding this agreement or my relationship with the Messaging Parties. Telephone calls may include a pre-recorded message and may be played by a machine automatically when the telephone is answered, whether answered by me, someone else or a voice mail or answering machine. I authorize the Messaging Parties to call or send a text message to any telephone number I have given the Messaging Parties or I give to a Messaging Party in the future, including telephone number(s) set forth in the Application for Credit submitted in connection with this note and security agreement. I also give the Messaging Parties permission to communicate such information to me by e-mail. I understand that, when I receive such calls, texts or e-mails, I may incur a charge from the company that provides me with telecommunications, wireless and/or internet services. I agree that the Messaging Parties will not be liable to me for any fees, inconvenience, annoyance or loss of privacy in connection with such calls or e-mails. I understand that anyone with access to my telephone, answering machine or email account may listen to or read the messages, notwithstanding the Messaging Parties efforts to communicate only with me. This authorization is part of our bargain concerning this extension of credit and this agreement and understand you do not intend it to be revocable. However, to the extent you are required by applicable law to allow me to revoke my consent to these automatic reminders, I may do so by calling 1-866-413-8140 or submitting a request at www.lendmarkfinancial.com under the Contact Us tab.

**PAYMENT OPTIONS:** I understand that I can make my loan payments to you by cash, check, money order, ACH, or debit card. I also understand that you contract with a third-party payment processor to process debit card payments and cash payments at select participating retailers. If I choose to make a loan payment using my debit card or by cash at a select participating retailer, I authorize the third-party payment processor to directly charge and collect a fee to process my debit card or cash loan payment. I understand that Lendmark does not and will not receive any portion of this fee. I also understand that I may make a payment by cash with no additional fee at any Lendmark branch location.

### ADDITIONAL TERMS OF THE PROMISSORY NOTE

**PAYMENTS** – Each payment I make on this note will be applied first to late charges, then to the unpaid balance of the Total of Payments and then to any other charges due hereunder. No late charge will be assessed on any payment when the only delinquency is due to late fees assessed on earlier payments and the payment is otherwise a full payment.

**PREPAYMENT** – I may prepay this loan in whole or in part at any time. If I prepay in part, I must still make each later payment in the original amount as it becomes due until this note is paid in full. If I prepay my loan in full, then you will refund the unearned Finance Charge according to the Rule of 78's method. The Prepaid Finance Charges are fully earned on the Date of the Loan and are not refundable.

**USURY** – The interest rate and other charges on this note will never exceed the highest rate or charge allowed by law for this loan.

**DEFAULT** – I will be in default on this note and security agreement if any one or more of the following occurs:
(a) I fail to make a payment in full when due;
(b) I cause you to have a reasonable belief that the prospect of payment or performance or realization on collateral is significantly impaired;
(c) I fail to comply with any other promise that I have made in this note or security agreement;
(d) I sell or transfer any security for this note without your prior consent;
(e) I fail to register title to security without your consent;
(f) I make any statement or provide any financial information that is untrue or inaccurate in order to obtain the loan evidenced by this note; or
(g) I fail to maintain any insurance that you may require.

If any of us are in default on this note or security agreement, you may exercise your remedies against any or all of us.

**REMEDIES** – If I am in default on this note or security agreement, you may use any of the remedies listed below.
(a) Make unpaid principal, earned interest and all other agreed charges I owe you under this note immediately due;
(b) Demand more security or new parties obligated to pay this note (or both) in return for not using any other remedy;
(c) Make a claim for any and all insurance benefits or refunds that may be available on my default;
(d) Use any remedy you have under state or federal law; and
(e) Use any remedy given to you in any agreement securing this note.

By choosing any one or more of these remedies you do not give up your right to use another remedy later. By deciding not to use any remedy should I be in default, you do not give up your right to consider the event a default if it happens again.

**ACCELERATION OF MATURITY** – If the maturity of this note is accelerated for any reason and a judgment is entered, then you shall provide me with a credit for the same refund as if prepayment in full has been made on the date the judgment is entered.

**OBLIGATIONS INDEPENDENT** – I understand that my obligation to pay this note is independent of the obligation of any other person who has also agreed to pay it. You may, without notice, release me or any of us, give up any right you may have against any of us, extend new credit to any of us, or renew or change this note one or more times and for any term, and I will still be obligated to pay this note. You may, without notice, fail to perfect your security interest in, impair, or release any security and I will still be obligated to pay this note.

**WAIVER** – I waive (to the extent permitted by law) demand, presentment, protest, notice of dishonor and notice of protest.

**MLA SAVINGS CLAUSE:** Nothing contained herein, which constitutes a waiver of a right to legal recourse under any otherwise applicable provision of State or Federal law, shall apply to an individual who is a 'Covered Borrower' as defined by the Department of Defense's Regulation (32 C.F.R. §232) implementing the Military Lending Act (10 U.S.C. §987) on the date of this loan agreement.

**DELAY IN ENFORCEMENT** – You may delay enforcing any of your rights under this note and security agreement without losing them.

**PURCHASE MONEY LOAN** – If this is a Purchase Money Loan, you may include the name of the seller on the check or draft for this loan. "Purchase Money Loan" means any loan the proceeds of which, in whole or in part, are used to acquire any property securing the note and all extensions, renewals, consolidations and refinancings of such note.

**BAD CHECK CHARGE** – In the event I make payment by check or other instrument or authorization that is returned or dishonored by the institution upon which it is drawn, I agree to pay a bad check charge in the amount of twenty dollars ($20.00) plus any amount passed on from other financial institutions.

**COLLECTION COSTS AND ATTORNEYS' FEES** – In the event of a default, I agree to pay any costs and disbursements in connection with any suit to collect the debt or any lawful activity to realize on your security interest, including reasonable attorneys' fees incurred as a result of the suit or activity and to which you become entitled to by law.

### ADDITIONAL TERMS OF THE SECURITY AGREEMENT

**SECURED OBLIGATIONS** – This security agreement secures this note and all extensions, renewals, refinancings and modifications of the note and any future advances by You. This security agreement will last until it is discharged in writing.

**PROPERTY** – The word "Property," as used here, includes all property that is listed in the security agreement on page 1. If a general description is used, the word Property includes all my property fitting the general description. Property also means all benefits that arise from the described Property (including all proceeds, insurance benefits, payments from others, interest, dividends, stock splits and voting rights). It also means property that now or later is attached to, is a part of, or results from property.

**OWNERSHIP AND DUTIES TOWARD PROPERTY** – I represent that I own all the Property. I will defend the Property against any other claim. I agree to do whatever you require to perfect your interest and keep your priority. I will not do anything to harm your position.

I will keep the Property in my possession (except if pledged and delivered to you). I will keep it in good repair and use it only for its intended purposes. I will keep it at my address unless we agree otherwise in writing.

I will not try to sell or transfer the Property, or permit the Property to become attached to any real estate, without your written consent. I will pay all taxes and charges on the property as they become due. I will inform you of any loss or damage to the Property. You have the right of reasonable access in order to inspect the Property.

**INSURANCE** – I agree to buy insurance on the property against the risks and for the amounts you require. I will name you as loss payee on any such policy, you may require added security on the note if you agree that insurance proceeds may be used to repair or replace the Property. I agree that if the insurance proceeds do not cover the amounts I still owe you, I will pay the difference. I will buy the insurance from a firm authorized to do business in Ohio. The firm will be reasonably acceptable to you. I will keep the insurance until all debts secured by this agreement are paid.

**DEFAULT AND REMEDIES** – If I am in default, in addition to the remedies listed in the note portion of this document you may:
(a) Pay taxes or other charges, or purchase any required insurance, if I fail to do these things (but you are not required to do so). You may add the amount you pay to this loan and accrue interest on that amount at the interest rate disclosed on page 1 until paid in full;
(b) Require me to gather the Property and any related records and make it available to you in a reasonable fashion; and
(c) Take immediate possession of the Property, but in doing so you may not breach the peace or unlawfully enter onto my premises. You may sell, lease or dispose of the Property as provided by law. You may apply what you receive from the sale of the Property to your expenses and then to the debt. If what you receive from the sale of the Property is less than what I owe you, I agree to pay the deficiency plus interest at the Post-Maturity Interest rate on page 1 (to the extent permitted by law).

I agree that when you must give notice to me of your intended sale or disposition of the property, the notice is reasonable if it is sent to me at my last known address by first class mail 10 days before the intended sale or disposition. I agree to inform you in writing of any change in my address.

**FILING** – A copy of this security agreement may be used as a financing statement when allowed by law.

**FILING FEES** – I agree to pay all fees required to record, continue, and terminate any security interest or lien granted to you.

---

The following Notice applies only if the proceeds of this loan have been applied in whole or substantial part to the purchase of goods and/or services from a person who, in the ordinary course of this business sells such goods and/or services to consumers and borrower has been referred to the Lender by the Seller, or Lender is affiliated with the Seller by common control, contract, or business arrangement.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE BORROWER COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF, RECOVERY HEREUNDER BY THE BORROWER SHALL NOT EXCEED AMOUNTS PAID BY THE BORROWER HEREUNDER.**