IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In Re: | : | Chapter 13 Proceeding |
| **Daniel William McCarthy and** | : | Case No. 23-60412 |
| **Christina Nichole McCarthy,** | : | Judge John P. Gustafson |
| Debtor(s). | : | |

### OBJECTION TO MOTION OF LENDMARK FINANCIAL SERVICES LLC
### FOR RELIEF FROM CO-MAKER STAY

Now comes Debtors Daniel and Christina McCarthy, by and through the undersigned counsel, and respectfully objects to the Motion of Lendmark Financial Services, LLC for Relief from Co-Maker Stay (ECF # 22) filed May 30, 2023 for the reasons more fully set out below. Creditor has failed to allege a cognizable basis for relief. WHEREFORE, Debtor respectfully requests the Court deny the motion.

<u>MEMORANDUM IN SUPPORT</u>

11 U.S.C. §1301 provides that in a Chapter 13 proceeding, a creditor may not pursue collection against any individual that is liable on such consumer debt with the debtor unless the individual became liable in their ordinary course of business or the case is closed, dismissed or converted. Subsection (c) provides limited circumstances under which a creditor may seek relief from the co-debtor stay, specifically, when the consideration for the claim is received by the co-signer, the plan filed by the debtor proposes not to pay such claim, or the creditor's interest would be irreparably harmed by the continuation of the stay.

Subsection (c) of § 1301 was not designed to penalize creditor who has a contractual right to rely upon comaker's assets, but, instead to enable consumer-debtor to propose a repayment plan

1

without undue pressure to give preference to a debt involving a cosigner. Harris v. Fort Oglethorpe State Bank, C.A.6 (Tenn.) 1983, 721 F.2d 1052.

In the present motion, Creditor Lendmark Financial Services LLC seeks relief from the automatic stay for the reason of "co-maker is personally liable for the debt and movant is entitled to recover the debt from the co-maker." (Motion, ¶13, ECF #22) This is not a basis for relief provided under 11 U.S.C. § 1301(a)(1) or (c)(1)-(3).

The motion does not allege a subsection with specificity, but analyzing each individually, (a)(1) is inapplicable because co-maker did not become liable "in the ordinary course of [his] business." Subsection (c)(1) is inapplicable because there has been no allegation that that the co-maker received the consideration for the claim. The initial plan filed in this case proposed to pay the claim, therefore subsection (c)(2) is inapplicable. The amended plan filed June 8, 2023 further makes clear the debtor's intention to pay the claim *in full* under the plan.

Finally, Movant has not alleged nor is there evidence that the creditor's interest would be irreparably harmed by the continuation of the stay. Under the proposed plan, the creditor would be paid in full. The fact that the plan does not pay off the creditor in the original timeline does not require the termination of the automatic stay against co-maker when the creditor is otherwise fully protected. *See* Harris, *supra*.

As indicated in In Re New American Food Concepts, Inc. "[t]he [automatic] stay should only be lifted when it is necessary to protect a clearly identifiable creditor interest, without working an undue hardship on the debtor or causing harm to the debtor's other creditors." In re New Am. Food Concepts, Inc., 70 B.R. 254, 258 (Bankr. N.D. Ohio 1987), *quoting* R. Ginsberg, Bankruptcy, ¶ 3303 (1985). Further, in formulating codebtor stay, the legislative intention was to reduce

pressure on debtors when friends and relatives are forced to pay debtors' obligations. <u>International Harvester Emp. Credit Union, Inc. v. Daniel</u>, Bkrtcy.S.D.Ohio 1981, 13 B.R. 555. Congress balanced the competing interests to assure creditors that they would receive benefit of their bargains with codebtors and would not be substantially prejudiced by codebtor stay. *Id*.

Creditor Lendmark Financial Services, LLC has failed to allege or establish a cognizable basis for the dissolution of the co-maker stay under 11 U.S.C. § 1301, therefore Debtors respectfully request the court deny the motion.

Respectfully submitted,

/s/Jonathon C. Elgin_____
Jonathon C. Elgin (OH 0096390)
JC Elgin Co., LPA
6 Water St.
Shelby, OH 44875
567-275-1040
JC@JCElgin.com
*Attorney for Debtors Daniel & Christina McCarthy*

## CERTIFICATE OF SERVICE

I certify that on June 13, 2023, a true and correct copy of the foregoing Objection to Motion, was served via the Court's Electronic Case Filing System upon these entities and individuals who are listed on the Court's Electronic Mail Notice List:

- Office of the United States Trustee at [RegisteredEmailAddress]@usdoj.gov
- Dynele L. Schinker-Kuharich, Standing Ch. 13 Trustee at DLSK@Chapter13Canton.com via the court's Electronic Case Filing System
- Cynthia A. Jeffrey, Keith D. Weiner & Associates Co LPA for Credit Acceptance at bankruptcy@weinerlaw.com
- Stephen D Miles, for Lendmark Financial Services at sdm@mileslaw.com

and by regular U.S. Mail, postage prepaid, upon:

Daniel W. McCarthy
645 Shelby Ontario Road
Ontario, OH 44906

Christina N. McCarthy
645 Shelby Ontario Road
Ontario, OH 44906

/s/Jonathon C. Elgin
Jonathon C. Elgin (0096390)
*Attorney for Debtors Daniel McCarthy and Christina McCarthy*