**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



John P. Gustafson
United States Bankruptcy Judge

**Dated:  July 21 2023**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In Re: | : | **Chapter 13 Proceeding** |
| **Daniel William McCarthy and** | : | **Case No. 23-60412** |
| **Christina Nichole McCarthy,** | : | **Judge John Gustafson** |
| **Debtors.** | | |

### ORDER CONFIRMING PLAN

The Chapter 13 Amended Plan in this case, filed as attached, came on for Confirmation at a hearing before the Court. Based upon the papers filed in this case, information presented by the Chapter 13 Trustee (the "Trustee") and such other matters, if any, presented by Debtor (or Debtors in a joint case) (the "Debtor"), Debtor's Counsel, any Objections, or any other interested party, the Court finds that:

1. Notice of the confirmation hearing was duly given.

2. The Plan complies with applicable provisions of Title 11 of the United States Code (the "Bankruptcy Code").

**IT IS THEREFORE ORDERED THAT:**

1. The Plan is confirmed in all respects not contrary to prior or subsequent orders of the Court.

2. Debtor shall not incur additional debt exceeding $2,000.00 in the aggregate without notice to the Trustee and approval of the Court, except that debt for the purchase or lease of a motor vehicle may be incurred in excess of the $2,000.00 limit with prior approval of the Chapter 13 Trustee in conformance with Administrative Order No. 21-1.

3. Debtor shall not transfer any interest in real property without the Court's approval.

4. All property of the estate scheduled in accordance with Bankruptcy Rule 1007(h), shall vest in Debtor(s) pursuant to 11 U.S.C. §1327(b). All property of the estate that is not properly scheduled, or any property that is acquired subsequent to the filing of the petition, does not vest to Debtor(s) and remains property of the estate unless otherwise Court ordered.

5. The Attorney for Debtor(s) was awarded a total fee of $3,500.00 plus $198.90 in expenses [Doc #37], of which $632.00 has been paid. The balance will be paid through the Chapter 13 Plan as an administrative claim pursuant to 11 U.S.C §503(b)(2).

6. Interest shall be paid to non-governmental creditors with a valid security interest in personal property belonging to Debtor(s) at the current Prime Rate as shown in the Wall Street Journal Money Rates plus a risk factor of two percent (2%) pursuant to *Till v. S.C.S. Credit Corp.*, 541 U.S. 465 (2004), or at the rate as indicated in a validly filed proof of claim, whichever is less. This section shall not apply to any creditor who has obtained a separate Order from this Court regarding the applicable interest rate on its claim.

**IT IS SO ORDERED.**

### 

**Submitted By:**

/s/ Dynele L. Schinker-Kuharich
Dynele L. Schinker-Kuharich
Chapter 13 Trustee
A. Michelle Jackson Limas (#0074750)
Staff Counsel to the Chapter 13 Trustee
200 Market Avenue North, Suite 30
Canton, Ohio 44702
Telephone: 330.455.2222
Facsimile: 330.754.6133
Email: DLSK@Chapter13Canton.com

**NOTICES TO:**

Office of the United States Trustee, via the Court's Electronic Case Filing System at [RegisteredEmailAddress]@usdoj.gov

Office of the Chapter 13 Trustee, via the Court's Electronic Case Filing System at DLSK@Chapter13Canton.com

Jonathon Carl Elgin , Counsel for Daniel William and Christina Nichole McCarthy, via the Court's Electronic Case Filing System at jc@jcelgin.com

Daniel William McCarthy, Debtor, via regular mail at:
645 Shelby-Ontario Road
Mansfield, OH 44906

Christina Nichole McCarthy, Debtor, via regular mail at:
645 Shelby-Ontario Road
Mansfield, OH 44906

Fill in this information to identify your case:

| Debtor 1 | **Daniel William McCarthy** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Christina Nichole McCarthy** | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF OHIO**

Case number: **23-60412**
(If known)

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed.
**3.3, 5.1, 8.1**

## Official Form 113
## Chapter 13 Plan

12/17

---

### Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

---

### Part 2: Plan Payments and Length of Plan

2.1 **Debtor(s) will make regular payments to the trustee as follows:**

**$1,649.14** per **Month** for **3** months
**$1,862.40** per **Month** for **33** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 **Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*
☑ Debtor(s) will make payments pursuant to a payroll deduction order.
☐ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*

APPENDIX D

☐     Debtor(s) will retain any income tax refunds received during the plan term.

☑     Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐     Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
> *Check one.*
> ☑     **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

2.5     The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $66,406.62.

## Part 3:   Treatment of Secured Claims

3.1     **Maintenance of payments and cure of default, if any.**

> *Check one.*
> ☑     **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

3.2     **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

> ☑     **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

3.3     **Secured claims excluded from 11 U.S.C. § 506.**

> *Check one.*
> ☐     **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
> ☑     The claims listed below were either:

> (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

> (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

> These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Credit Acceptance | 2015 Chevy Equinox VIN: 2GNALAEK5F1103804 | $14,012.20 | 10.00% | $452.13 | $16,276.68 |
| | | | | Disbursed by: ☑ Trustee ☐ Debtor(s) | |
| Show Place #016 | Rent to Own Sofa 6/23/2022 RA160017339 | $498.19 | 0.00% | $100.00 | $0.00 |
| | | | | Disbursed by: ☐ Trustee ☑ Debtor(s) | |
| Spectrum | iPhone 13 (Dan) | $500.03 | 0.00% | $35.00 | $0.00 |
| | | | | Disbursed by: ☐ Trustee ☑ Debtor(s) | |

23-60412-jpg   Doc 28   FILED 06/08/23   ENTERED 06/08/23 12:13:37   Page 2 of 6

23-60412-jpg   Doc 44   FILED 07/21/23   ENTERED 07/21/23 15:18:06   Page 5 of 9

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Acima Credit Rent a Center | Tires | $947.20 | 0.00% | $189.44 | $947.20 |
| | | | | Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | |
| Eagle Loan Company Ohio | Troybilt tractor, dell computer , 3 TVs (collateral for Eagle Loan) | $3,010.00 | 25.00% | $668.40 | $3,341.98 |
| | | | | Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | |

*Insert additional claims as needed.*

**3.4**      **Lien avoidance.**

*Check one.*
     ☑     **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5**      **Surrender of collateral.**

*Check one.*
     ☑     **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

---

**Part 4:**    **Treatment of Fees and Priority Claims**

**4.1**      **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2**      **Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total $**6,640.65**.

**4.3**      **Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**2,868.00**.

**4.4**      **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
     ☐     **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
     ☑     The debtor(s) estimate the total amount of other priority claims to be $**5,551.31**

**4.5**      **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
     ☑     **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

23-60412-jpg    Doc 28    FILED 06/08/23    ENTERED 06/08/23 12:13:37    Page 3 of 6
23-60412-jpg    Doc 44    FILED 07/21/23    ENTERED 07/21/23 15:18:06    Page 6 of 9

## Part 5: Treatment of Nonpriority Unsecured Claims

5.1 **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

- ☐ The sum of $ .
- ☑ **100.00** % of the total amount of these claims, an estimated payment of $ **30,780.60** .
- ☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ **0.00** .
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

5.2 **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

- ☐ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*
- ☑ The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
| Dept of Ed/Nelnet | $0.00 | $0.00 | $0.00 |

Disbursed by:
- ☐ Trustee
- ☑ Debtor(s)

*Insert additional claims as needed.*

5.3 **Other separately classified nonpriority unsecured claims.** *Check one.*

- ☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

6.1 **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

- ☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*
- ☑ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments to trustee |
|---|---|---|---|---|---|
| Spectrum | Cellular Service Monthly (Secured iPhone inc) | $290.00 | $0.00 | | $0.00 |

Disbursed by:
- ☐ Trustee
- ☑ Debtor(s)

*Insert additional contracts or leases as needed.*

Official Form 113                   Chapter 13 Plan                   Page 4

## Part 7:   Vesting of Property of the Estate

**7.1**     **Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
☑   plan confirmation.
☐   entry of discharge.
☐   other: _____

## Part 8:   Nonstandard Plan Provisions

**8.1**     **Check "None" or List Nonstandard Plan Provisions**
     ☑      **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*
**8.1.1 - Wage Deduction Order will be from joint-debtor spouse (Christina N. McCarthy) wages only in amount of $859.57 per biweekly pay period starting in month 4.**

**8.1.2 - Creditor Credit Acceptance shall retain its lien until either payment in full under non-bankruptcy law, or upon discharge under Section 1328, as required pursuant to 11 U.S.C. §1325(a)(5)(B)(i).**

**8.1.3 - Interest shall be paid on nonpriority unsecured claims paid through this plan at a rate of 4.5%**

## Part 9:   Signature(s):

**9.1**     **Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X   **/s/Daniel William McCarthy**          X   **/s/Christina Nichole McCarthy**

    **Daniel William McCarthy**                 **Christina Nichole McCarthy**
    Signature of Debtor 1                      Signature of Debtor 2

    Executed on    **June 7, 2023**             Executed on    **June 7, 2023**

X   **/s/Jonathon C. Elgin**                  Date   **June 7, 2023**
    **Jonathon C. Elgin**
    Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

23-60412-jpg   Doc 28   FILED 06/08/23   ENTERED 06/08/23 12:13:37   Page 5 of 6
23-60412-jpg   Doc 44   FILED 07/21/23   ENTERED 07/21/23 15:18:06   Page 8 of 9

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---|
| a. | Maintenance and cure payments on secured claims *(Part 3, Section 3.1 total)* | $0.00 |
| b. | Modified secured claims *(Part 3, Section 3.2 total)* | $0.00 |
| c. | Secured claims excluded from 11 U.S.C. § 506 *(Part 3, Section 3.3 total)* | $20,565.86 |
| d. | Judicial liens or security interests partially avoided *(Part 3, Section 3.4 total)* | $0.00 |
| e. | Fees and priority claims *(Part 4 total)* | $15,059.96 |
| f. | Nonpriority unsecured claims *(Part 5, Section 5.1, highest stated amount)* | $28,154.50 |
| g. | Maintenance and cure payments on unsecured claims *(Part 5, Section 5.2 total)* | $0.00 |
| h. | Separately classified unsecured claims *(Part 5, Section 5.3 total)* | $0.00 |
| i. | Trustee payments on executory contracts and unexpired leases *(Part 6, Section 6.1 total)* | $0.00 |
| j. | Nonstandard payments *(Part 8, total)* | + $0.00 |

Total of lines a through j        **$63,780.32**

23-60412-jpg   Doc 28   FILED 06/08/23   ENTERED 06/08/23 12:13:37   Page 6 of 6
23-60412-jpg   Doc 44   FILED 07/21/23   ENTERED 07/21/23 15:18:06   Page 9 of 9